**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ML-CFC 2007-6 PUERTO RICO PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BPP RETAIL PROPERTIES, LLC,<br><br>Defendant. | CIVIL NO.: 17-1199 (PAD) (MEL) |

**REPORT AND RECOMMENDATION**

This case was brought pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332. In their complaint ML-CFC 2007-6 Puerto Rico Properties, LLC ("Plaintiff") seeks redress for a loan that BPP Retail Properties, LLC ("Defendant") allegedly defaulted on. Pending before the court is a motion to dismiss pursuant to rule 12(b)(1) by Defendant. ECF No. 14. In the pending motion to dismiss for lack of subject matter jurisdiction, Defendant contends that for the citizenship of a trust all the shareholder beneficiaries should be considered, and not just the citizenship of the trustees. Id. at 1. Moreover, Defendant argues that since there is no indication of who has a beneficial interest in this trust, Plaintiff failed to establish complete diversity, and thus this case must be dismissed. Id. at 1–2. Plaintiff filed a response in opposition to the motion to dismiss in which Plaintiff argues that its sole member is a New York common law trust which derives its citizenship from its trustee, and not its beneficiaries. ECF No. 18, at 1–2. Furthermore, as the trustee is a citizen of Ohio and Defendant is not a citizen of Ohio, there is complete

diversity.[1]  Id. at 2.  Defendant filed a reply to the response in opposition.  ECF No. 22.  Plaintiff filed a sur-reply.  ECF No. 25.

## I.   MOTION TO DISMISS STANDARD UNDER RULE 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)"), a defendant may move to dismiss an action for lack of subject matter jurisdiction.  "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly."  Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (citing Alicea Rivera v. SIMED, 12 F. Supp. 2d 243, 245 (D.P.R. 1998)).  Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction.  See Murphy v. United States, 45 F. 3d 520, 522 (1st Cir. 1995); Droz-Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217 (D.P.R. 2003).

Challenges to subject matter jurisdiction through a Rule 12(b)(1) motion may constitute either a facial or a factual challenge.  Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001); Mercado-Arocho v. United States, 455 F. Supp. 2d 15, 18 (D.P.R. 2006); Rivera de León v. Maxon Engineering Servs., Inc., 283 F. Supp. 2d 550, 554 (D.P.R. 2003).  To decide whether a 12(b)(1) motion is a facial or factual challenge, a court must determine whether the motion disputes the complaint's allegations regarding subject matter jurisdiction.  Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 162 n.8 (1st Cir. 2007).  If the 12(b)(1) motion does not dispute subject matter allegations, then it challenges only the facial sufficiency of the complaint.  Id.  If the 12(b)(1)

---

[1] In Plaintiff's complaint it was alleged that the citizenship of Plaintiff for diversity jurisdiction purposes was Minnesota. ECF No. 2, ¶ 7. However, in Plaintiff's response in opposition it is argued that Plaintiff's citizenship was Ohio. ECF No. 18, at 2. Plaintiff acknowledges this change and confirms that the trustee is a citizen of Ohio and not Minnesota in the sur-reply. ECF No. 25, at 6. Moreover, Plaintiff argues that this error is irrelevant as Defendant does not claim to be a citizen of either state. Id. Nevertheless, Plaintiff states that an amended complaint would be filed promptly if the court were to determine that an amended complaint should be filed. Id. at 7.

motion disputes the subject matter allegations, then it challenges the factual basis for subject matter jurisdiction. Id.

Under a facial challenge, the moving party challenges jurisdiction based on the allegations in the complaint. See Valentin, 254 F.3d at 363; Mercado-Arocho, 455 F. Supp. 2d at 18; Rivera de León, 283 F. Supp. 2d at 554. Thus, "the court must consider all the allegations in the complaint as true, and will not look beyond the face of the complaint to determine jurisdiction." Mercado-Arocho, 455 F. Supp. 2d at 18. A facial attack only requires a court to examine the complaint and determine whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction." Torres-Negrón, 504 F.3d at 162 (quoting Scarfo v. Ginsburg, 175 F.3d 957, 960 (11th Cir. 1999)); see e.g., Fina Air Inc., 555 F. Supp. 2d at 325–28 (examining a facial attack and applying the standard articulated in Torres-Negrón).

Under a factual challenge, "the allegations have no presumptive truthfulness, and the court . . . . [h]as discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Mercado-Arocho, 455 F. Supp. 2d at 18 (citations omitted) (quoting Reynolds v. Nelson, Civ. No. 05-3470-PHX-ROS, 2006 WL 2404364, at *1 (D. Ariz. July 17, 2006)). The analysis changes depending on whether the challenged facts would also decide issues relating to the merits of the case. Torres-Negrón, 504 F.3d at 163. If the challenged facts do involve the merits of the case, the court must use a summary judgment standard and dismiss "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Id. (quoting Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987)). If the challenged facts do not involve the merits of the case, then the court is free to consider evidence and decide the question of its subject matter jurisdiction over the case. Id.

Here, the Defendant has made a facial challenge by challenging the sufficiency of the complaint: "the unverified Complaint contains insufficient allegations to support a finding that, based on the beneficiaries' citizenship, it may be heard in federal court." ECF No. 14, at 2; see also ECF No. 22, at 2, ¶ 2. The foundation of Defendant's argument is that the citizenship of the shareholder beneficiaries for the trust at issue here is what is relevant for diversity jurisdiction purposes, rather than the citizenship of the trustee. ECF No. 14, at 1. Thus, the Defendant argues that Plaintiff has not identified any beneficiaries for this trust, therefore Plaintiff has failed to establish the citizenship for all relevant parties for the purposes of complete diversity. Id. 1–2.

Additionally, Defendant argues that complaint is not viable as pleaded. ECF No. 22, at 9. Defendant states that "the Court may evaluate information and materials extrinsic to [the] Complaint" to determine jurisdiction but argues that this does not mean that Plaintiff does not need to amend the pleadings. Id. However, neither party has disputed the facts at issue. Rather, this is a legal dispute over whose citizenship should be considered for diversity jurisdiction purposes when a trust is involved. As Defendant has pointed out in its reply, Plaintiff brought forth additional facts in its motion in opposition: Plaintiff's sole member is a trustee from Ohio rather than Minnesota, the trust was organized under the common law of New York, and the trust is organized pursuant to the Pooling and Servicing Agreement. ECF No. 22, at 2, 4. However, Defendant does not dispute these facts but continues its argument that the relevant citizenship for a trust is the trust's beneficiaries. ECF No. 22, at 8. Thus, in deciding this issue, the court will look to these facts that are not in dispute after resolving the legal dispute.

Furthermore, Defendant argues in both its "Reservation of Rights" sections at the end of the motion to dismiss and reply to opposition that it has other "non-frivolous concerns regarding Plaintiff's ability to demonstrate standing." ECF Nos. 14, at 9; 22, at 10. Such as, that the

4

documents provided with the complaint do not establish that U.S. Bank is the only trustee or LNR's relationship to Plaintiff. ECF Nos. 14, at 10; 22 at 9–10. However, in reference to this argument and others, the Defendant stated that it "reserves the right to raise any and all affirmative defenses." Id. Thus, Defendant did not fully articulate these arguments in its motion to dismiss or the reply to opposition, and gave no justification for not raising these issues at this stage. Therefore, these arguments will not be addressed here.

## II.    FACTUAL ALLEGATIONS IN THE COMPLAINT FOR DIVERSITY JURISDICTION

Plaintiff, ML-CFC 2007-6 Puerto Rico Properties, LLC, is a limited liability company whose sole member is U.S. Bank National Association, as Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2007-6, Commercial Mortgage Pass-Through Certificates, Series 2007-6 ("the trust").[2] ECF No. 2, ¶ 4, 6. The trust is a real estate mortgage investment conduit ("REMIC") created solely under the Internal Revenue Code, 26 U.S.C. § 860D.[3] Id. ¶ 6. The REMIC investors are passive, and the REMIC trust acts by and through those entities authorized to act for the REMIC trust under its enabling document. Id. The main office of the U.S. Bank National Association, the trustee here, as set forth in its articles of association, is located in Minnesota.[4] Id. ¶ 7. The defendant is a limited liability company whose direct and indirect

---

[2] In the complaint it is alleged that Plaintiff is an LLC whose sole member is U.S. Bank National Association as trustee for the trust. ECF No. 2, ¶ 6. However, in Plaintiff's response in opposition it is argued that Plaintiff's sole member is the "REMIC trust, ML-CFC Commercial Mortgage Trust 2007-6, Commercial Mortgage Pass-Through Certificates, Series 2007-6 (the "Trust"), acting through its trustee, U.S. Bank National Association." ECF No. 18, at 2. Similarly, in Plaintiff's sur-reply it is argued that "Plaintiff is a single member limited liability company whose sole member is the Trust, which acts by and through its trustee, U.S. Bank." ECF No. 25, 1–2, 6. In both the response in opposition and the sur-reply, Plaintiff cites to the complaint paragraph 6. However, as will be discussed below, whether the sole member is the trust or the trustee does not impact the subject matter jurisdiction decision in this case.

[3] Both the Plaintiff's response in opposition and the sur-reply argue that "the Trust is a common law trust formed under the laws of the State of New York pursuant to the PSA [Pooling and Services Agreement]." ECF No. 25, at 2; see also ECF No. 18, at 10. To support this, both the response in opposition and the sur-reply cite to the PSA § 2.01(a). ECF No. 25, at 2; see also ECF No. 18, at 10. The PSA was attached as Exhibit A to the response in opposition. ECF No. 18-1, at 3–521.

[4] As stated above, in Plaintiff's response in opposition it is argued that Plaintiff's citizenship is Ohio. ECF No. 18, at 2. Plaintiff acknowledges this change and confirms that the trustee is a citizen of Ohio and not Minnesota in its sur-reply. ECF No. 25, at 6.

5

members are not residents of Minnesota.[5]  Id. ¶ 8.  Thus, there is complete diversity as the Lender's citizenship is Minnesota and the Borrower's citizenship is not Minnesota.  Id.

### III. LEGAL ANALYSIS

Complete diversity is absent with "'the presence in the action of a single plaintiff from the same State as a single defendant.'"  Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 21 (1st Cir. 2008) (quoting Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005)).  "The statutory grant of federal jurisdiction in diversity cases . . . requires complete diversity between the plaintiffs and defendants in an action."  Id. at 17 (emphasis in original).

#### A.   Limited Liability Company

The First Circuit, following "every circuit to consider this issue," has held "that the citizenship of a limited liability company is determined by the citizenship of all of its members."  Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54–55 (1st Cir. 2006) (citations omitted).  There may be multiple layers of members within an LLC and each of these layers must be traced to determine the citizenship of the members within.  D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011) ("[Plaintiff LLC] must not only identify its members and their respective citizenship, but must also trace the citizenship of any member that is an unincorporated association through however many layers of

---

[5] In Plaintiff's sur-reply, Plaintiff argues that its citizenship is actually Ohio but argues that this does not affect diversity: "although Plaintiff concedes that the Trustee is actually a citizen of Ohio and not Minnesota, this ministerial error is legally irrelevant since Defendant does not claim to be a citizen of either state." ECF No. 25, at 6. Moreover, Plaintiff has attached to its response in opposition a declaration under penalty of perjury by Leah Solomon, an asset manager at LNR Partners, LLC, which includes exhibits totaling over 500 pages. ECF No. 18-1. While Plaintiff fails to point to this in their response in opposition, this declaration states that: "LNR Partners, LLC has conducted due diligence on Defendant BPP Retail Properties, LLC. As a result of that diligence, LNR Partners, LLC is informed and believes that Defendant's principals are residents of New York and New Jersey." Id. at 2. Additionally, the PSA notes that LNR Partners, Inc. is the "Special Servicer" for the trust. Id. at 4. LNR Partners, Inc., converted into a limited liability company known as LNR Partners, LLC in July of 2010. Id. at 2. Thus, as alleged in the complaint, "Plaintiff is acting herein by and though its special servicer, LNR Partners, LLC, solely in its capacity as special servicer and authorized representative for Plaintiff." ECF No. 2, at 1.

members or partners there may be."); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010) (quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir.2003)) ("[T]he citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.")

Here, Plaintiff is an LLC by the name of "ML-CFC 2007-6 Puerto Rico Properties, LLC." It is alleged in the complaint that Plaintiff's sole member is U.S. Bank National Association, as Trustee for the Registered Holders of ML-CFC Commercial Mortgage Trust 2007-6, Commercial Mortgage Pass-Through Certificates, Series 2007-6 ("the trust").  However, Plaintiff's response in opposition and sur-reply argue that Plaintiff's sole member is the trust, ML-CFC Commercial Mortgage Trust 2007-6, Commercial Mortgage Pass-Through Certificates, Series 2007-6 (the "Trust"), acting through its trustee.  However, in this case, regardless of whether the trustee or the trust is the sole member of Plaintiff LLC, the outcome is the same for diversity jurisdiction: Plaintiff's citizenship for diversity jurisdiction purposes is Ohio.

### B.    The Trust's and Trustee's Citizenship for Diversity Purposes

The complete diversity analysis is more complicated when the citizenship of a trust is involved.  The Supreme Court recently stated that "confusion regarding the citizenship of a trust is understandable and widely shared." Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1016 (2016).  The Supreme Court had previously addressed the issue of citizenship of a trust in Navarro Savings Association v. Lee, 446 U.S. 458 (1980) and Carden v. Arkoma Associates, 494 U.S. 185 (1990), but sought to clarify the issue in Americold.  Wang ex rel. Wong v. New

Mighty U.S. Tr., 843 F.3d 487, 490 (D.C. Cir. 2016), cert. denied sub nom. New Mighty U.S. Tr. v. Wang ex rel. Wong, 137 S. Ct. 2266 (2017).

In Americold, the Supreme Court sought to "resolve [the] confusion among the Courts of Appeals regarding the citizenship of unincorporated entities." See Americold Realty Tr., 136 S. Ct. at 1015. In that case, the Supreme Court resolved the issue of "the citizenship of Americold Realty Trust, a 'real estate investment trust' organized under Maryland law." Id. The Court first noted that since Americold was not a corporation it "possesse[d] its member's citizenship." Id. While nothing in the record designated Americold's members, the Court looked to the definition of a real estate investment trust under Maryland law to determine that for diversity jurisdiction purposes, Americold's members included its shareholders. Id. at 1015–16.

The Court then addressed Americold's argument that based on the Supreme Court case Navarro, "anything called a 'trust' possesses the citizenship of its trustees alone, not its shareholder beneficiaries as well." Id. at 1016. However, as the Court had "reminded litigants before . . . 'Navarro had nothing to do with the citizenship of [a] "trust."'" Id. (quoting Carden, 494 U.S. at 192–93). Instead, Navarro affirmed "a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person." Id. (citing Navarro, 446 U.S. at 465). The Court stated that this rule from Navarro coexisted with the rule: "that when an artificial entity is sued in *its* name, it takes the citizenship of each of its members." Id.

The Supreme Court went on to clarify the citizenship of a trust. Id. The Court stated that traditionally a trust was a fiduciary duty, not a distinct legal entity, and thus "such a relationship was not a thing that could be haled into court." Id. (citing Glenn v. Allison, 58 Md. 527, 529 (1882); Bank of United States v. Deveaux, 5 Cranch 81, 91 (1809)). Rather, proceedings were

"brought by or against the trustees in their own names." Id. (citations omitted). The court then restated the rule from Navarro that when a trustee is sued in her own name, her citizenship is all that matters for diversity purposes. Id. The court added that "[f]or a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued."[6] Id. Furthermore, the court added that many States have now given the label of "trust" to various unincorporated entities that have little in common with a traditional trust. Id. But the Court articulated that an entity's membership will not be limited "to its trustees just because the entity happens to call itself a trust." Id. Thus, the Court "declined to apply the same rule to an unincorporated entity sued in its organizational name that applies to a human trustee sued in her personal name." Id. The Court affirmed the decision of the court of appeals that citizenship of the non-corporate artificial entity was determined by all its members, which included shareholders, and that the parties failed to demonstrate that the plaintiffs were diverse from the defendants because no record of the citizenship of Americold's shareholders was provided  Id. at 1015–16.

The First Circuit has not yet addressed the citizenship of a trust in light of Americold, however, some of the other circuit courts have. The Second Circuit considered the question of trust citizenship in Raymond Loubier Irrevocable Trust. 858 F.3d at 722. The defendants in that case argued that the citizenship of the trust should include both the trustees and also the beneficiaries. Id. at 721–22. The Second Circuit first stated that Americold distinguished between

---

[6] Various circuit courts have noted that this sentence can be interpreted in multiple ways. See Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 728 (2d Cir. 2017); Zoroastrain Ctr. & Darb-E-Mehr v. Rustam Guiv Foundation, 822 F.3d 739, 749–50 (4th Cir. 2016); Wang, 843 F.3d at 493. The Fourth Circuit stated that the phrase "as would be true if the trust, as an entity were sued" could have several interpretations: "does the phrase mean that there is no need to determine entity membership for diversity purposes when a 'traditional trust' is sued as an entity? Or do we read the statement to mean that a trust sued as an entity must prove entity membership because it is a separate legal person from the individual trustees?" Zoroastrain Ctr., 822 F.3d at 749–50. The Fourth Circuit did not address the question as the record there showed that "diversity exists whether the trustees, the trust beneficiaries, or both are subject of the citizenship requirement." Id. 749–50. The D.C. Circuit, however, found the former to be the best interpretation. Wang, 843 F.3d at 494.

9

"traditional trusts" and "the variety of unincorporated artificial entities to which states have applied the 'trust' label, but which have little in common with traditional trusts." Id. at 722 (citing Americold Realty Trust, 136 S. Ct. at 1016). Furthermore, the Second Circuit added that traditional trusts, "absent anything to the contrary in either the trust instruments or state law," do not provide a party the option of suing the trust as "[t]he action can be maintained only against the trustee." Id. at 731. The court held that the trusts there were established by trust agreements only establishing traditional fiduciary relationships and were not distinct legal entities under Florida law. Id. at 722, 729–30. Thus, as "legal proceedings involving such traditional trusts are effectively brought by or against their trustees," it was the trustees' citizenship, not the beneficiaries, that mattered for diversity purposes. Id. at 722, 731. The case was remanded so the plaintiffs could provide proper allegations as to the citizenship of the sole trustee. Id.

As noted above, the D.C. Circuit acknowledged the possible confusion that may stem from Americold in Wang. 843 F.3d at 493. Ultimately, the D.C. Circuit believed that Americold stood for the rule that "the citizenship of a traditional trust depends only on the trustees' citizenship." Id. at 494. Thus, the court performed an analysis on whether the trust at issue, New Mighty, was a traditional trust. Id. at 494–96. The court stated that according to Americold and the Second Restatement of Trusts, "a traditional trust for diversity generally describes a fiduciary relationship regarding property where the trust cannot sue and be sued as an entity under state law." Id. at 495. The court then held that "a traditional trust is a trust that lacks juridical person status" and this "can be determined by reference to the law of the state where the trust is formed." Id. In this case, New Mighty was not a juridical person because the trust was a donative trust and could not sue or be sued as an entity under D.C. law. Id. Therefore, New Mighty Trust was considered a traditional trust and thus "assumes its trustees' citizenship for diversity jurisdiction." Id.

The Seventh Circuit dealt with this issue in RTP LLC v. ORIX Real Estate Capital, Inc.. 827 F.3d 689, 691 (7th Cir. 2016). The plaintiffs were two limited liability companies, "which have the citizenships of their members." Id. (citing Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998)). Whether diversity jurisdiction was met depended on the citizenship of two funds that were organized as trusts under Michigan law but could sue and be sued in their own names. Id. at 691. The Seventh Circuit stated that Americold held that Navarro follows the normal rule that the citizenship of the litigant controls. Id. Meaning, "[w]hen the trustee sues (or is sued), the trustee's citizenship matters. And when the beneficiary sues or is sued, or a trust litigates in its own name, again the citizenship of the party controls." Id. Moreover, the Seventh Circuit believed that the Supreme Court gave a clear answer in Americold as to a trust's citizenship: "While humans and corporations can assert their own citizenship, other entities take the citizenship of their members." Id. (quoting Americold Realty Trust, 827 F.3d at 1014). Therefore, as "[t]he trust themselves, not the trustees, [were] the members of the two LLCs" and the funds contracted and litigated in their own names, the trusts had the citizenship of their own members. Id. at 692. At the time the suit was removed, 59 beneficiaries lived in the relevant states for diversity purposes but the court remanded to the district court so that the defendant could try and show, no matter how unlikely, that these 59 beneficiaries were not domiciled in those states for "the long run." Id.

The Fifth Circuit in Bynane v. Bank of New York Mellon, considered the plaintiff's argument that the district court erred in only considering the citizenship of The Bank of New York Mellon ("BONYM") as the trustee, and not the shareholders of the trust. 866 F.3d 351, 356 (5th Cir. 2017). The Fifth Circuit applied Navarro in determining that the trustee's, BONYM, citizenship was what mattered in determining diversity jurisdiction. Id. BONYM's citizenship, rather than the shareholders' citizenship, was what was relevant as "BONYM was sued in its own

11

name as trustee and it [had] sufficiently real and substantial control over the trust's assets." Id. at 359 (citing Americold, 136 S. Ct. at 1016 ("And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes."))._7_ The Fifth Circuit noted that the Supreme Court did not apply Navarro, as the Fifth Circuit did here, in Americold because the real estate investment trust in Americold was sued in its own name, rather than a trustee being sued. See id. at 357.

In summary, the legal analysis stemming from Americold as interpreted by multiple circuit courts appears to be whether the trust is a "traditional trust." See Raymond Loubier Irrevocable Tr., 858 F.3d at 722; Wang, 843 F.3d at 494. A trust, traditionally, was "a 'fiduciary relationship' between multiple people" and not a "distinct legal entity." Americold Realty Tr., 136 S. Ct. at 1016 (citing Klein v. Bryer, 227 Md. 473, 476–77 (1962); Restatement (Second) of Trusts § 2 (1957)). Furthermore, a traditional trust is not one that can sue or be sued. See Americold Realty Tr., 136 S. Ct. at 1016; Raymond Loubier Irrevocable Trust, 858 F.3d at 731; Wang, 843 F.3d at 495. If a trust is found to be a traditional trust, then it is the trustee's citizenship that is relevant for diversity jurisdiction purposes. See Americold Realty Tr., 136 S. Ct. at 1016; Raymond Loubier Irrevocable Tr., 858 F.3d at 722; Wang, 843 F.3d at 494. If a trust can sue and be sued it is more like the unincorporated entity in Americold. Compare Americold Realty Tr., 136 S. Ct. at

---

[7] In Americold the Supreme Court added that "[w]e therefore decline to apply the same rule to an unincorporated entity sued in its organizational name that applies to a *human* trustee sued in her personal name." Americold Realty Trust, 136 S. Ct. at 1017 (emphasis added). Thus, while the rule from Navarro establishes that "when a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person," the Supreme Court may have limited that to "a human trustee," rather than an entity like BONYM. See id. at 1016–17. However, there is no indication that the analysis would change here, as when a trustee bank files a lawsuit in its name, the citizenship would be the State of the bank's main office as designated in its articles of association—as is true for any national bank. See McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) (quoting Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006)). Moreover, Americold clearly states that the Navarro rule applies when "a trustee files a lawsuit in her name," as was the case in Bynane. However, this is not the situation in the case at hand, as the lawsuit was not filed under the trustee's name, US Bank, but rather under "ML-CFC 2007-6 Puerto Rico Properties, LLC."

12

1015–16 ("Maryland, for example, treats a real estate investment trust as a 'separate legal entity' that itself can sue or be sued."), and RTP LLC, 827 F.3d at 691–92 (stating that the funds organized as trusts could litigate in their own name and thus the citizenship of the trust controlled), with Wang, 843 F.3d at 495 ("New Mighty [Trust] cannot sue and be sued as an entity under D.C. law . . . . It is, therefore, a traditional trust."), and Raymond Loubier Irrevocable Trust, 858 F.3d at 731 ("[B]ecause the party trusts here are not organized according to state law as distinct juridical entities but, rather, are traditional trusts, establishing only fiduciary relationships, they are incapable of being haled into court except through their trustees."). If a trust is not a traditional trust, but rather another type of unincorporated entity, then the citizenship of its members is what is relevant for diversity jurisdiction purposes. See RTP LLC, 827 F.3d at 691 (quoting Americold Reality Tr., 136 S. C. at 1014).

Moreover, the Supreme Court makes it clear that Navarro's rule is still good law: "when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person." Americold Realty Tr., 136 S. Ct. at 1016 (citing Navarro, 446 U.S. at 465). This is because Navarro was not about the citizenship of a trust. Id. (citing Carden, 494 U.S. at 465).

In the case at hand, if the sole member of Plaintiff LLC is US Bank as trustee, as alleged in the complaint, then an analysis of the trustee's citizenship must follow. The Fifth Circuit recently dealt with a situation similar to the case at hand in Hometown 2006-1 1925 Valley View, L.L.C. v. Prime Income Asset Mgmt., L.L.C., 847 F.3d 302, 306–07 (5th Cir.), cert. denied, 138 S. Ct. 270 (2017). The defendants there challenged the citizenship of plaintiff Hometown LLC, which had one member, U.S. Bank National Association. Id. at 306. The Fifth Circuit looked to all the members of the LLC to determine its citizenship, which in this case was only U.S. Bank.

Id. (citing <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 195–96 (1990)).  The court concluded that there was "no dispute that U.S. Bank is a national bank with citizenship in Ohio."  <u>Id.</u> (citing 28 U.S.C. § 1348).  The court also rejected the defendants argument based on the recent supreme court case <u>Americold</u> that "since U.S. Bank in its capacity as a trustee is the sole member of Hometown [LLC], the citizenship of the 'members' of that trust ought to be accounted for."  <u>Id.</u>  The court held that no further inquiry was necessary and that U.S. Bank's citizenship established that Hometown LLC was a citizen of Ohio.  <u>Id.</u> at 307.

Here, the complaint alleges that Plaintiff LLC's sole member is U.S. Bank National Association as trustee for the trust.  As an LLC has the citizenship of all its members for diversity purposes, Plaintiff's citizenship would be that of U.S. Bank National Association.  A national bank "is a citizen of the state where it is 'located,' 28 U.S.C. § 1348; this is 'the State designated in its articles of association as its main office.'"  <u>McKenna v. Wells Fargo Bank, N.A.</u>, 693 F.3d 207, 212 (1st Cir. 2012) (quoting <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303, 318 (2006)).  While the complaint alleged that the main office of U.S. Bank National Association was in Minnesota, the Plaintiff corrected this in the motion in opposition: "Trustee's articles of association identify its main office as being located in Cincinnati, [thus] Trustee and Plaintiff are both citizens of Ohio."  ECF No. 18, at 2–3.  The Plaintiff cites to Solomon Declaration Exhibit D, which contains a document titled: "U.S. Bank National Association Charter No. 24: Amended and Restated <u>Articles of Association</u>."  ECF No. 18-1, at 533.  This document states that "[t]he main office of [U.S. Bank National Association] shall be in the city of Cincinnati, County of Hamilton, State of Ohio."  <u>Id.</u>  Therefore, if the trustee, U.S. Bank National Association, is the sole member of Plaintiff LLC then Plaintiff's citizenship for diversity purposes is Ohio.

If the trust is the sole member of Plaintiff LLC, as argued in the response in opposition and sur-reply, then an analysis of the trust's citizenship must follow. This analysis focuses on whether the trust is a traditional trust or rather the trust is only nominally a trust but in reality an unincorporated entity like the "trust" in Americold. The complaint does not allege what law the Trust was formed under but simply states: "[t]he Trust is a 'real estate mortgage investment conduit' (REMIC) created solely under Internal Revenue Code, 26 U.S.C. § 860D." ECF No. 2, at 2. However, Plaintiff's response in opposition and sur-reply argue that "the Trust is a common law trust formed under the laws of the State of New York pursuant to the PSA [Pooling and Services Agreement]." ECF No. 25, at 2; see also ECF No. 18, at 10. The PSA, attached as Exhibit A to Plaintiff's response in opposition, in its pertinent part states that: "The Depositor, concurrently with the execution and delivery hereof, does hereby establish a common law trust under the laws of the State of New York, designated as 'ML-CFC Commercial Mortgage Trust 2007-6' . . . ." ECF No. 18-1, at 106. Moreover, the Trustee "acknowledges receipt of the Depositor's assignment to it of the Depositor's right, title and interest in the assets that constitute the Trust fund . . . and that it holds and will hold the Trust Mortgage Loans and other assets included in the Trust Fund, in trust for the exclusive use and benefit of all present and future Certificate holders." ECF No. 18-1, at 109.

The fact that the Trust here is a New York common law trust is essential because under the laws of New York, "a trust cannot sue or be sued, and suits must be brought by or against the trustee." U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC, No. 13-cv-1598 (DLI) (SIL), 2017 WL 4480869, at *3 (E.D.N.Y. Sept. 30, 2017) (quoting Springer v. U.S. Bank N.A., No. 15-cv-1107 (JGK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec. 23, 2015)). Moreover, a trust as defined by New York common law is "a 'fiduciary relationship in which one person holds a property

interest, subject to an equitable obligation to keep or use that interest for the benefit of another'". In re Mannara, 785 N.Y.S.2d 274, 275 (N.Y. Sur. Ct. 2004) (quoting Bogert, The Law of Trusts and Trustees § 1 [2d ed. rev. 1984]).  This stands in contrast to Americold, in which the trust at issue was organized under Maryland Law.  Americold Realty Tr., 136 S. Ct. at 1015.  In Maryland, a real estate investment trust is treated "as a 'separate legal entity' that itself can sue or be sued." Id. (quoting Md. Corp. & Assns. Code Ann. §§ 8-102(2), 8-301(2)).  Thus, this is not the same situation as Americold where a state has "applied the 'trust' label to" an unincorporated entity but rather this is a traditional trust.  See Americold Realty Tr., 136 S. Ct. at 1016; see also U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc., 205 F. Supp. 3d 386, 411 (S.D.N.Y. 2016) ("In contrast to a Maryland real estate trust, the Trusts [in this case] have no power to sue on their own behalves and the Trustee alone is responsible for the corpus of the Trusts. The Court therefore concludes that only the Trustee's citizenship is relevant to this diversity analysis.").  Moreover, the trustee here holds the right, title, and interest of all the assets of the trust for the exclusive use and benefit of the certificate holders, which establishes a fiduciary relationship.

For a traditional trust, it is the trustee's citizenship that is relevant for diversity jurisdiction purposes.  See Americold Realty Tr., 136 S. Ct. at 1016.  Here, the trustee for the trust at issue is U.S. Bank National Association.  ECF No. 2, ¶ 6.  As stated previously, U.S. Bank National Association's articles of association state that its main office is in Ohio.  Thus, for diversity jurisdiction purposes, Plaintiff's citizenship is that of Ohio.

Therefore, regardless of whether the trust or the trustee is the sole member of Plaintiff LLC, Plaintiff's citizenship for diversity purposes is Ohio.  Since the Defendant has not suggested that it is a citizen of Ohio, there is no reason to believe that there is not complete diversity in this case.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby recommended that Defendant's motion to dismiss pursuant to rule 12(b)(1) (ECF No. 14) be DENIED.  Plaintiff should be allowed to amend the complaint, but only to clarify that it is a citizen of Ohio and not Minnesota.  The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court.  Failure to file the same within the specified time waives the right to object to this report and recommendation.  Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150–51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED

In San Juan, Puerto Rico, this 13th day of December, 2017.

s/Marcos E. López  
U.S. Magistrate Judge