# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ML-CFC 2007-6 PUERTO RICO PROPERTIES, LLC, <br><br> **Plaintiff,** <br><br> v. <br><br> BPP RETAIL PROPERTIES, LLC, <br><br> **Defendants.** | CIVIL NO. 17-1199 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Plaintiff initiated the action under 28 U.S.C. § 1332, claiming that defendant defaulted on a loan (Docket No. 2). Before the court is defendant's "Motion to Dismiss Pursuant to Rule 12(b)(1)" (Docket No. 14), which plaintiff opposed (Docket No. 18). Defendant replied (Docket No. 22) and plaintiff sur-replied (Docket No. 25). At issue is how to determine the citizenship of a trust to sustain diversity jurisdiction, which defendant challenges, asserting that plaintiff has failed to establish the citizenship of all relevant parties for purposes of showing complete diversity as required by § 1332.

The court referred the motion to dismiss to U.S. Magistrate Judge Marcos E. López, who issued a Report and Recommendation ("R&R") recommending that the motion be denied (Docket No. 58). Defendant objected to the R&R (Docket No. 62), plaintiff responded to defendants' Objection (Docket No. 65), and defendant replied (Docket No. 72). For the reasons explained below, the R&R is ADOPTED and the motion to dismiss DENIED.

## I. REFERRAL

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarría v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

## II. DISCUSSION

Plaintiff is an LLC, and its sole member a trust.[1] Defendant contends that to determine the citizenship of a trust all shareholder beneficiaries should be considered, a proposition with which plaintiff disagrees, arguing that the trust derives its citizenship from its trustee. After a thorough analysis of relevant case law, the Magistrate Judge concluded that if a trust is found to be a traditional trust, the trustee's citizenship controls (Docket No. 58 at 12-13).[2] Observing that the trust here is a traditional trust, he noted that the citizenship is that of the trustee, U.S. Bank National

---

[1] Plaintiff alleges in the complaint that its sole member is U.S. Bank National Association, as trustee for Registered Holders of ML-CFC Commercial Mortgage Trust 2007-6, Commercial Mortgage Pass-Through Certificates, Series 2007-6, but states in its opposition and sur-reply that its sole member is the trust, acting through its trustee (Docket No. 58 at p. 7). The distinction is inconsequential in light of the analysis adopted to determine the trust's citizenship.

[2] See, Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719, 722 (2d Cir. 2017)(vacating dismissal for lack of subject matter jurisdiction because legal proceedings involving traditional trusts "are effectively brought by or against their trustees, and, thus, it is the trustees' citizenship, not that of beneficiaries, that matters for diversity purposes"); Wang ex rel. Wong v. New Mighty U.S. Trust, 843 F.3d 487, 494 (D.C. Cir. 2016), cert. denied sub nom. New Mighty U.S. Trust v. Wang ex rel. Wong, 137 S. Ct. 2266 (2017)(reversing the district court's Rule 12(b)(1) finding, as a traditional trust "carries the citizenship of its trustees").

Association. Id. at pp. 14-16. And since the trustee is a citizen of Ohio and defendant did not suggest it is a citizen of that same State, the Magistrate Judge found that there is complete diversity of citizenship. Id. at pp. 16-17.

Defendant does not contest the Magistrate Judge's characterization of the trust as a traditional trust or that the citizenship of the trustee for diversity of jurisdiction purposes is that of Ohio (Docket No. 62). Rather, emphasizing that there is no binding precedent from the First Circuit it urges the court to: (i) disregard the "simplistic" analysis the D.C. Circuit undertook in Wang, as well as Wang's interpretation of the implications of Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012 (2016); and instead (ii) adopt the approach the Southern District of New York followed in Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2007-1 ex rel. HSBC Bank USA, N.A. v. Nomura Credit & Capital, Inc., 27 F. Supp. 3d 487 (S.D.N.Y. 2014). Id. at pp. 4-8.

To that end, defendant suggests that the court's focus should not be limited to whether the trust is a traditional trust, but alternatively on whether the trustee or the trust is the "real party in interest" (Docket No. 62 at pp. 6-7). And given that the trustee is acting on behalf of the trust, not in its own name, defendant contends the relevant citizenship is that of the trust's beneficiaries, not that of its trustee. Id. at p. 7 (citing Nomura 27 F. Supp. 3d at p. 493). The court understands the argument but is not persuaded that it reflects the prevailing view on this matter.

Defendant refers to a "split" between courts but provides no post Americold Circuit Court cases adopting its suggested analysis. What is more, even though it primarily relies on Nomura, the Second Circuit rejected that test in Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719, 732 (2d Cir. 2017)("Because the party trusts can only sue or be sued in the names of their trustees, pleadings in the names of the trusts themselves do not require that these parties'

citizenship, for purposes of diversity, be determined by reference to all their members. Rather these traditional trusts' citizenship is that of their respective trustees"). The same reasoning applies in this case to support a finding of complete diversity of citizenship between the parties within the meaning of 28 U.S.C. § 1332.

### III. CONCLUSION[3]

Having made an independent, *de novo*, examination of the entire record in light of applicable law, the court finds that the Magistrate Judge's analysis and conclusion are well supported. Therefore, the R&R is adopted and defendants' motion to dismiss denied.[4] In conformity with the Magistrate Judge's recommendation (Docket No. 58 at p. 17), plaintiff is allowed until April 6, 2018 to file an Amended Complaint for the sole purpose of clarifying that it is a citizen of Ohio and not of Minnesota.[5]

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March, 2018.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[3] In the second to last paragraph of its Objection, defendant asks for oral argument prior to a ruling on the R&R (Docket No. 62 at p. 9). Oral argument is not necessary insofar as the parties adequately briefed all relevant issues and no aspect of the controversy required additional clarification.

[4] Defendant states in its Objection that it has "multiple, non-frivolous concerns regarding Plaintiff's ability to demonstrate standing as BPP's creditor," but did not elaborate on what those concerns might be, reserving the right to raise them in further proceedings (Docket No. 62 at pp. 8-9). Following the Magistrate Judge's approach, the court does not analyze the subject either, for it was not fully articulated or briefed (Docket No. 58 at p. 5).

[5] In paragraph 15 of its Objection, defendant states that "as the Report and Recommendation concludes correctly, the Complaint is not viable as pleaded" and that "it is not to say that the Plaintiff does not need to amend the pleadings" (Docket No. 62 at p. 8). Since no elaboration was proffered in support of the statement, there is no need to discuss it. Be that as it may, the Magistrate did not conclude that the complaint was "not viable as pleaded;" merely, that it should be amended in order to clarify that the trust "is a citizen of Ohio and not Minnesota" (Docket No. 58 at p. 17).