**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| |
|---|
| ML-CFC 2007-6 PUERTO RICO PROPERTIES, LLC. |
| **Plaintiffs** |
| v. |
| BPP RETAIL PROPERTIES, LLC |
| **Defendant and Third-Party Plaintiff** |
| v. |
| JONES LANG LA SALLE AMERICAS, INC.; JLL PUERTO RICO REALTY GP, INC.; LNR PARTNERS, LLC; C-III ASSET MANAGEMENT, LLC; GREYSTONE SPECIAL SERVICING CORP; AND CWCAPITAL ASSET MANAGEMENT, LLC |
| **Third-Party Defendants** |

**CIVIL NO.** 17-1199(RAM)

<u>**MEMORANDUM AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Before the Court is the Magistrate Judge's June 28, 2022, Report and Recommendation ("R&R") regarding various discovery disputes raised in two pending motions. (Docket No. 816). For the following reasons, the Court **ADOPTS** the R&R, as amended.

**I.    BACKGROUND**

The first motion is Plaintiff ML-CFC 2007-6's ("Plaintiff" or "ML-CFC") motion to hold Defendant BPP Retail Properties, LLC ("Defendant" or "BPP") in contempt for violating the Court's order to produce three types of documents (the *Motion for Contempt*").

(Docket No. 651). ML-CFC argues BPP has failed to produce the following three documents, despite this Court's orders: (1) BPP's contract with its public adjuster; (2) BPP's internal communications with its public adjuster regarding its claims after Hurricanes Irma and Maria; and (3) BPP's financial reports for the years 2018, 2019, and 2020 and audited financial statements for 2015, 2016, 2018, and 2019. Id.

The second motion is BPP's motion seeking an order compelling Plaintiff and all Third-Party Defendants to produce three categories of documents (the "*Motion to Compel*").[1] (Docket No. 730). Specifically, BPP seeks to compel production of the following documents: (1) Documents related to the 2018 attempted sale of Replacement Promissory Note A; (2) the identity of the controlling certificate holders of the CMBS Trust from June 2018 to the present and related documents and communications; and (3) loan request transfer forms. Id.

After presiding over an evidentiary hearing, the Magistrate Judge issued a thorough and well-analyzed R&R. (Docket No. 816). With regards to ML-CFC's *Motion for Contempt*, the R&R recommends that BPP be ordered to produce the contract with its public adjuster, given that, upon in-camera inspection, it is not protected from disclosure under the attorney work-product

---

[1] The Third-Party Defendants are: LNR Partners, LLC ("LNR"), C-III Asset Management, LLC ("C-III"), CWCapital Asset Management, LLC ("CWCapital"), and Greystone Servicing Company, LLC ("Greystone").

doctrine. Id. at 14. Additionally, the R&R does not recommend a finding of contempt against BPP for failing to produce: (1) communications with its public adjustor; and (2) financial reports. The R&R reached this conclusion in light of affidavits submitted by company representatives certifying under penalty of perjury that BPP **does not possess said documents**. Id. at 17-20. Lastly, the R&R recommends that BPP's *Motion to Compel* be denied in its entirely for being untimely and due to BPP's failure to evince good cause, diligence, or excusable neglect. Id. at 21-35.

ML-CFC and BPP filed separate timely partial objections to the R&R. (Docket Nos. 832 and 833). ML-CFC's only objection was that although the Magistrate recommended that BPP produce the contract with its public adjuster, the R&R should have instead recommended that BPP be held in contempt for its failure to produce the contract per this Court's previous orders. (Docket No. 832 ¶¶ 4-5). On their part, BPP maintains that the Magistrate exceeded the scope of his delegated authority by recommending the production of the contract rather than determining the propriety of contempt. (Docket No. 833 ¶¶ 4-5). Additionally, BPP objected to the R&R's recommendation to deny the *Motion to Compel*. Id. ¶¶ 25-91.

## II.  DISCUSSION

The Court may refer non-dispositive motions to a Magistrate Judge for an R&R. *See* 28 U.S.C. § 636(b)(1)A); Fed. R. Civ. P. 72(b)(2). Within fourteen days of receiving a copy of the R & R,

"a party may serve and file specific written objections to the proposed findings and recommendations." Id. Upon filing of a timely objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); *see also* Ponsa-Rabell v. Santander Securities, LLC, 2020 WL 4219685, at *1 (D.P.R. 2022). When performing this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1).

"Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." Chen v. I.N.S., 87 F.3d 5, 7 (1st Cir. 1996) (quoting In re San Juan Dupont Plaza Hotel Fire Litig.*,* 989 F.2d 36, 38 (1st Cir. 1993)). Upon completing an independent examination of the record, the R&R, and the parties' objections thereto, the court **ADOPTS AND MODIFIES** the Magistrate Judge's findings and recommendations at Docket No. 816 to clarify the contempt issue.

### III. CONCLUSION

In accordance with the above, ML-CFC's *Motion for Contempt* at Docket No. 651 is **GRANTED IN PART** and **DENIED IN PART**. BPP is **ORDERED** to produce the contract in controversy to Plaintiff on or

before August 1, 2022. If BPP fails to comply, it will pay a $500.00 fine per day which will increase to $1,000.00 for each day after August 15, 2022, that BPP remains noncompliant. This amount will be deposited in the Clerk's Registry. BPP's *Motion to Compel* at Docket No. 730 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 22nd day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH___
United States District Judge