IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ML-CFC 2007-6 PUERTO RICO PROPERTIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>BPP RETAIL PROPERTIES LLC,<br><br>Defendant<br><br>v.<br><br>LNR Partners, LLC, Jones Lang LaSalle Americas, Inc., JLL Puerto Rico Realty GP, Inc.; C-III Asset Management, LLC; Greystone Special Servicing Corp.; CW Capital Asset Management, LLC<br><br>Third-Party Defendants | CIVIL NO.: 17-1199 (RAM)<br><br><br><br>RE:  COLLECTION OF MONIES, FORECLOSURE OF MORTGAGE AND OTHER RELIEF |

**BPP RETAIL'S REPLY TO OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S EXHIBIT AT DKT. 84-71**

**TO THE HONORABLE COURT:**

**COME NOW**, BPP Retail Properties, LLC ("BPP"), by and through its undersigned attorneys, and very respectfully, states as follows:

## I.      Introduction

On August 17, 2022, Plaintiff, ML-CFC 2007-6 Puerto Rico Properties, LLC ("Plaintiff") and C-III Asset Management, LLC ("C-III"), Greystone Servicing Company ("Greystone") and CW Capital Asset Management, LLC ("CW Capital") (jointly referred to in this opposition as the "Third-Party Defendants") filed their opposition to BPP's motion to strike an affidavit from a Mr. T. Edward Entreken (Dkt. No. 84-71) ("Entreken's Affidavit")(Dkt. No. 884).  The Court granted BPP leave to file this reply. (Dkt. No. 892).  The arguments raised by Plaintiff and the Third-Party

1

Defendants in an attempt to validate the use of the Entreken Affidavit lack merit and must be denied.

## II.    Argument

### a.  The Waiver Argument is Frivolous

Plaintiff and the Third-Part Defendants argue that the Entreken Affidavit must not be stricken because BPP somehow waived its argument that it is not admissible into evidence pursuant to Rules 12(f) and 12(g) of the Federal Rules of Civil Procedure and because it allegedly used the document in this litigation.  Plaintiff and the Third-Party Defendants posit that by attaching an exhibit to their Amended Complaint and BPP not moving the Court to strike the exhibits as part of the pleadings, then BPP waived its right to subsequently move the strike one of the exhibits as inadmissible evidence.

The First Circuit Court of Appeals has held that "[e]xhibits attached to the complaint are properly considered part of the pleading 'for all purposes,'" including Rule 12(b)(6) motions. Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). The exhibits attached to plaintiffs' original complaint are deemed "incorporated into the [amended] complaint" even though the exhibits were not physically attached to it.  *See* id; Rocket Learning, Inc. v. Rivera-Sanchez, 851 F. Supp. 2d 384, 390 (D.P.R. 2012).

Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *See,* Colon v. Blades, 268 F.R.D. 143, 146 (D.P.R. 2010).  But exhibits to a complaint do not became *ipso facto* admissible into evidence just because the opposing party failed to move to strike the pleading. After all, Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Generally speaking, evidence must be admissible at trial in order to be considered on summary judgment. Garside v. Osco Drug, Inc., 895 F.2d 46, 49-51 (1st Cir. 1990). As a general matter, only evidence that would be admissible at trial may be considered by the court on summary judgment. *See* Garside v. Osco Drug, Inc., 895 F.2d 46, 49-51 (1st Cir. 1990). Under Fed. R. Civ. P. 56(e), affidavits—although not themselves admissible at trial—may be offered in support of, or opposition to, summary judgment if they set forth facts that would be admissible under the Federal Rules of Evidence. *See, id.* A motion to strike is the proper vehicle for challenging the admissibility of evidence offered at summary judgment. *See* Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 682 (1st Cir. 1994). The moving party must specify the objectionable portions of the opposing party's summary judgment materials along with the grounds for objection. *Id.* The Court should disregard only those facts that are inadmissible and consider the rest of the parties' evidence. Klauber v. VMware, Inc., 2022 U.S. Dist. LEXIS 72238, *16 (Mass.).

In an attempt to support their argument, Plaintiff and the Third-Party Defendants cite the case of Cima v. Wellpoint Healthcare Networks, Inc., 2007 U.S. Dist. LEXIS 25771 (S.D. Ill. 2007). But Cima did not involve a motion to strike an exhibit to a motion for summary judgment because of its inadmissibility at trial, but to a motion to strike complaint exhibits that contained confidential information covered by a protective order entered by the court under Rule 12(f) of the Federal Rules of Civil Procedure that allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Therefore, the waiver referenced to in Cima is a waiver to strike a complaint exhibit when the party seek that

3

it be stricken failed to file a Rule 12(f) motion.  Plaintiff and Third-Party Defendants confuse a

motion to strike a pleading with a motion to strike an exhibit to a motion for summary judgment.

Failure to move to strike a complaint exhibit does not preclude the party to then object to the

admissibility of the same exhibit into evidence.[1]

Plaintiff and the Third-Party Defendants also state that under Rule 12(g) of the Federal

Rules of Civil Procedure BPP waived its right to now file a motion to strike the Entreken Affidavit

because it failed to <u>allege</u> that the [Entreken Affidavit] was inadmissible. They go further and

state that because BPP failed to raise the inadmissibility of the Entreken Affidavit <u>as an</u>

<u>affirmative defense</u>, then it waived its right to move to strike it as inadmissible in the summary

judgment stage of the case. This argument is, simply stated, absurd and frivolous and the failure

to cite one single case on point for the proposition they now posit is sanctionable.

Plaintiff and the Third-Party Defendants also argue that because BPP listed the Entreken

Affidavit as a potential exhibit for trial and referenced it during the litigation that somehow it

waived its right to challenge its admissibility at trial.  This argument is equally meritless. The

Court determined the receivership hearing "to be akin to a hearing on a preliminary injunction"

because "[t]hat is exactly how the First Circuit treated the Magistrate Judge's opinion order"

(Receivership Hearing Transcript, Day 1, p. 192).  And, of course, the Court decided that "the

hearsay rule does not strictly apply in preliminary injunction hearings". (Receivership Hearing

Transcript, Day 1, p. 192). *See*, <u>Asseo v. Pan Am. Grain Co.</u>, 805 F. 2d 23, 26 (1st Cir. 1996) (with

regard to hearsay materials in support of a motion for injunctive relief, "[t]he dispositive question

---

[1]  In their Opposition, Plaintiff and the Third-Party Defendants also improperly cite the unpublished decision in <u>Citifinancial Mortg. Co. v. Yoel</u>, No. 2004-L184, 2006-Ohio-331 (Ct. App. 2006). The First Circuit disfavors the citation of unpublished opinions and, even if exceptionally considered, they have no binding value. *See,* 1ˢᵗ Cir. L.R. 32.3(a)(2).

is not their classification as hearsay but whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding.")

In addition, Plaintiff and the Third-Party Defendants fail to cite any case in support of its argument and, instead opt to reference an unpublished order from a case in the Southern District of Indiana where the court denied a party's motion for protective order on the use of documents designated as confidential in support of a motion for summary judgment (Daza v. Indiana, 2018 U.S. Dist. LEXIS 245205 (S.D. Ind. 2018)).  In that case the court denied a motion for protective order because the party moving to strike the use of the confidential documents had used them himself during the course of the litigation.  Clearly, not the issue before the Court with respect to BPP's motion to strike the Entreken Affidavit because it would be inadmissible at trial.

Finally, Plaintiff and the Third-Party Defendants argue that it was not until now that BPP raised the inadmissibility of the Entreken Affidavit as an issue in the case.  Yet, they fail to understand that it is not until they filed their motion for summary judgment and reference the Entreken Affidavit as evidence in support of a proposed uncontested fact that BPP can timely raise its objections to the admissibility of the document and its use to support the motion for summary judgment.

   b.   **The Entreken Affidavit is Inadmissible Hearsay**

Plaintiff and the Third-Party Defendants also argue that because the Court previously admitted the Entreken Affidavit during the receivership hearings, then it is not hearsay and is admissible evidence.  As previously stated, the evidentiary standard for admissibility at trial is much higher than at a receivership hearing where the Federal Rules of Evidence do not apply.

In any case, Plaintiff and the Third-Party Defendants also contend that the Entreken

Affidavit is admissible because it is self-authenticating and because it was signed before a notary public and is admissible for purposes of proving the validity of the original note.  Once again, Plaintiff and the Third-Party Defendants miss the mark.  BPP contends that the Entreken Affidavit is inadmissible, not because it lacks authenticity, but because its contents constitute hearsay evidence.   They also cite the Puerto Rico Commercial Transactions Act to validate the genuineness of signatures on negotiable instruments and seem to ignore that the Entreken Affidavit is not a negotiable instrument. *See,* 19 L.P.R.A. § 608.

Plaintiff and the Third-Party Defendants also contend that the Entreken Affidavit is not hearsay because it falls under three exceptions to the hearsay rule. First, they claim that the Entreken Affidavit falls under the hearsay exception and is admissible because it affects an interest in property.  Fed. R. Evid. 803(15).[2]  Pursuant to this rule, "[a] statement contained in a document that purports to establish or affect an interest in property if the matter stated was relevant to the document's purpose" is not hearsay.  Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d 25, 32 (D. Mass. 2014).  The Entreken Affidavit does not "purport to establish or affect an interest in property" because it is not a mortgage note.  In fact, it is not even a promissory note. The Entreken Affidavit was executed on November 18, 2016, by a T. Edward Entreken on behalf of Wells Fargo Bank, National Association, purportedly as successor of Wachovia Bank, National Association although no information is provided to support that fact in the affidavit.  In his affidavit, Mr. Entreken states that he "has reason to believe that such Note [Replacement Promissory Note B] has been lost, stolen or destroyed" because Wells Fargo has caused a diligent search to be made of all its financial records and the note was not found. (¶ 2)(Our emphasis).  He

---

[2]  The exception applies to "(15) *Statements in Documents That Affect an Interest in Property.* A statement contained in a document that purports to establish or affect an interest in property if the matter stated was relevant to the document's purpose—unless later dealings with the property are inconsistent with the truth of the statement or the purport of the document." USCS Fed. Rules Evid. R. 803

further states that the Replacement Promissory Note B "has not been endorsed, pledged, sold, delivered, transferred or assigned" other than as set forth in his affidavit. (¶ 3).

There is nothing in the Entreken Affidavit establishing an interest in any property. The reference to In re Lamboy, 2020 Bankr. LEXIS 2076 in their opposition does not take Plaintiff and the Third-Party Defendants far with their argument. In that case, the bankruptcy court referenced Rule 803(15) of the Federal Rules of Evidence in deciding that a mortgage note, its endorsements and allonges are not hearsay because they meet the requirements of the hearsay exception as they affect an interest in property.  The Entreken Affidavit is none of these.  It is not a mortgage note, an endorsement to a mortgage note or allonges to the same.[3]

Secondly, Plaintiff and the Third-Party Defendants also argue that it is admissible under the business records exception to the hearsay rule relying on a Pennsylvania state court case applying the rules of evidence of the State of Pennsylvania.  They contend that because a Pennsylvania state court decided that a lost note affidavit was admissible because it was authenticated through testimony of it constituting a business record, then it follows that this Court must also admit the Entreken Affidavit under the same business records exception because a witness allegedly authenticated the Entreken Affidavit in the receivership evidentiary hearings, all without even providing a reference to the witness' testimony or disputing the light evidentiary standard applicable in receivership hearings.  This argument must be rejected as lacking any basis or merit.

Plaintiff and the Third-Party Defendants also contend that the Entreken Affidavit is

---

[3] Not coincidentally, in In re Lamboy the court questioned the validity of assignments and endorsements to mortgage notes made by LaSalle National Bank as trustee for a CMBS trust and also the sufficiency of the evidence presented to support a claim that LaSalle Bank had merged with U.S. Bank or if it had merged with Bank of America, precisely some of the issues BPP has already raised regarding the validity of the assignments and endorsements of the two replacement promissory notes and the capacity in which these same entities executed assignments or allonges to the replacement promissory notes in controversy in this case.

admissible because it "proves the terms of the instrument by attaching a copy of Note B to the affidavit, and it proves Wells Fargo's right to enforce the instrument". They seem not to realize two basic flaws in this argument. First, the Entreken Affidavit is hearsay precisely because it is presented to prove the truth about the matters asserted therein (**by an individual who will not testify at trial**). Secondly, Plaintiff and the Third-Party Defendants now admit that they do not have a right to enforce the instrument and that the party allegedly entitled to enforce it (Wells Fargo) was not joined in this litigation. In any case, the Entreken Affidavit is presented to try to establish the fact that Replacement Promissory Note B was lost. But Mr. Entreken does not state his personal knowledge about the search purportedly conducted, who conducted it, and does not even identify the purported records that were searched by name or description, much less put those alleged records before the Court in the summary judgment record. Mr. Entreken also fails to state having any personal knowledge as to how was Replacement Promissory Note B "endorsed, pledged, sold, delivered, transferred or assigned" and the purported assignments identified in his affidavit date back eight (8) and nine (9) years before he executed the affidavit, which puts into question the reliability of the affidavit. He also failed to state the extent of his personal knowledge about the occurrence of those purported assignments almost a decade before the execution of his affidavit.

Unquestionably, the Entreken Affidavit is inadmissible hearsay, and the Court should disregard it. *See,* Fed. R. Evid. 801(c) (an out of court statement offered to prove the truth of the matter asserted in the statement constitutes inadmissible hearsay). *See*, Hannon v. Beard, 645 F. 3d 45, 49 (1st Cir. 2011). The Entreken Affidavit is an out of Court statement offered to prove that Replacement Promissory Note B was lost, at an unknown point in time and while in the possession of an unidentified entity or person, and that the assignments purportedly executed

almost a decade before the affidavit was executed were the only assignments of that promissory note that were executed. Mr. Entreken does not even state the basis for his personal knowledge about the occurrence of those purported assignments and/or that they are the only ones that had been executed.

Plaintiff and Third-Party Defendants last argument is that, in any case, the fact that Mr. Entreken was not disclosed as a trial witness is not fatal to the admission of his affidavit.  They contend that they could seek the admission of his affidavit through an undisclosed custodian of records or that maybe, they could hope, for the Court's leniency and allow them to amend their pretrial disclosures in the future.  Even today, the Court and BPP do not know who that person may be.  These wishful aspirations of parties who failed to meet the most basic burden to establish the admissibility of an out of court statement about a lost note by an individual with no personal knowledge, attesting as to facts that allegedly occurred 8 or 9 years before the affidavit was executed and who will not testify at trial and be subjected to cross-examination, are simply meritless and frivolous.

**WHEREFORE**, BPP, respectfully requests, that the Court grant its motion and strike from the record the Entreken Affidavit filed by Plaintiff and the Third-Party Defendants and sanction Plaintiff and the Third-Party Defendants for raising meritless arguments.

**RESPECTFULLY SUBMITTED**.

**CERTIFICATE OF SERVICE**: We hereby certify that on this same date the undersigned electronically filed a copy of the foregoing motion with the Clerk of the Court using the CM/ECF system which will automatically send notice of such filing to all attorneys of record.

In San Juan, Puerto Rico this 26th day of September, 2022.

**GURLEY & ASSOCIATES, P.A.**
*Attorneys for Defendant BPP Retail Properties, LLC*
PO Box 8387
Fernández Juncos Station
San Juan, PR 00910-8387
TEL. 787-522-0525
FAX  787-764-8241

s/Alfredo Fernández Martínez
**ALFREDO FERNÁNDEZ MARTÍNEZ**
USDC-PR #210511
afernandez@gurleyassociates.com

s/Carlos R. Baralt Suárez
**CARLOS R. BARALT SUAREZ**
USDC-PR #301510
CBaralt-Suarez@gurleyassociates.com